IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00978-BNB

DANA COOPER, # 135056,

    Plaintiff,

v.

LT. BURKE,
ASSOCIATE WARDEN ALLEN,
WARDEN SUSAN JONES,
LT. J. PACHECO,
LT. CHAVEZ, and
C/O P. ARCHULETA,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 29 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

On May 28, 2010, Plaintiff Dana Cooper, a *pro se* prisoner litigant, filed a pleading titled "Objections to this Courts [sic] Ruling for a [sic] Amended Complaint/and Request of Change of Judge." In the pleading, Mr. Cooper objects to the orders entered on April 29 and May 19, 2010, by Magistrate Judge Boyd N. Boland. The April 29 Order directed Mr. Cooper either to pay an initial partial filing fee or show cause why he is unable to do so by filing a current trust fund account statement. The May 19 Order instructed Mr. Cooper to file an Amended Complaint that asserts only claims that have not been raised in previous cases and to identify the nature of the claim(s) he is raising under Section "D. Cause of Action." For the reasons stated below, Mr. Cooper's Objection will be construed as filed pursuant to 28 U.S.C. § 636(b)(1)(A) and will be overruled. The Complaint and action also will be dismissed, and Mr. Cooper's request for a change of judge will be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1)(A), a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine whether it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

First, the Court finds that under 28 U.S.C. § 1915(b)(1) Magistrate Judge Boland correctly determined Mr. Cooper's average monthly deposits were $5.71 for the past six months, and that a $1.00 initial partial filing fee is due to the Court equaling twenty percent of the six-month deposit average. The Court concludes that Magistrate Judge Boland's April 29 Order neither is clearly erroneous nor contrary to law. Furthermore, because Mr. Cooper, in response to the April 29 Order, filed a current prisoner account statement on May 14, 2010, showing that he is unable to pay the $1.00 initial partial filing fee, and the Court granted him leave to proceed without payment of the $1.00 partial fee, his objection to the April 29 Order is moot.

The Court also has reviewed the Complaint Mr. Cooper submitted to the Court on April 22, 2010, in this case. Four of the Six named defendants in this case, including Associate Warden Allen, Warden Susan Jones, Lt. Chavez, and C/O P. Archuleta, were named as defendants in *Cooper v. Archeletta (Archuleta), et al.*, No. 10-cv-00560-CMA (D. Colo. Filed Mar. 10, 2010). In Case No. 10-cv-00560-CMA, Mr. Cooper asserts that Defendants Allen, Jones, Chavez, and Archuleta have harassed him in retaliation for filing grievances, including fabricating a disciplinary report between December 2009 and February 2010. Mr. Cooper raises the same claims in this action against Defendants Allen, Jones, Chavez, and Archuleta, but he includes a subsequent act of harassment by Defendants Allen, Jones, Chavez, and Archuleta that happened on March 3, 2010, which involved an additional alleged fabricated disciplinary action

against him. Mr. Cooper also names in this action the two hearing officers involved in the disciplinary actions at issue.

The Court finds that in part the claims raised in this action are repetitive of the claims Mr. Cooper raised in Case No. 10-cv-00560-CMA. Repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam). The Court may consult its own records to determine whether a pleading repeats pending or previously litigated claims. *See Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972). The Court has examined its records and is satisfied that the claims asserted against Defendants Allen, Jones, Chavez, and Archuleta for the most part are repetitive of the claims Mr. Cooper asserts in Case No. 10-cv-00560-CMA. Nonetheless, the claims Mr. Cooper asserts that took place after the filing of Case No. 10-cv-00560-CMA may not be repetitive. The claims, however, more properly are addressed by the Court in Case No. 10-cv-00560-CMA in a request submitted by Mr. Cooper under Fed. R. Civ. P.15(d).

Rule 15(d) "provides that a court may permit a party to serve a supplemental pleading setting forth transactions, occurrences, or events that have happened since the date of the pleading sought to be supplemented. Motions to supplement are addressed to the sound discretion of the court." *Gillihan v. Shillinger*, 872 F.2d 935, 941 (10th Cir.1989). "The court should apply the same standard for exercising its discretion under Rule 15(d) as it does for deciding a motion under Rule 15(a)." *Southwest Nurseries, LLC v. Florists Mut. Ins., Inc.*, 266 F. Supp.2d 1253, 1256 (D. Colo. 2003). Although Fed. R. Civ. P. 15(a) requires that leave to amend be freely

3

given, that requirement does not apply where an amendment obviously would be futile." *TC Communications Network, Inc. v. Turner Network Television*, 964 F.2d 1022, 1028 (10th Cir. 1992) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Therefore, based on the above findings, the Court will dismiss this action and instruct Mr. Cooper to request in Case No. 10-cv-00560-CMA that the court consider the supplemental pleadings he has attempted to present in this action. Accordingly, it is

ORDERED that Mr. Cooper's Objection to this Court's Ruling for an Amended Complaint (Doc. No. 9) filed on May 28, 2010, is overruled. It is

FURTHER ORDERED that with respect to the repetitive claims the Complaint and action are dismissed in part with prejudice as legally frivolous under 28 U.S.C. § 1915(d)(2)(B)(i). It is

FURTHER ORDERED that the Complaint and action with respect to the supplemental claims are dismissed in part without prejudice with leave for Mr. Cooper to file a motion for supplemental pleading pursuant to Fed. R. Civ. P. 15(d) in *Cooper v. Archeletta (Archuleta), et al.*, No. 10-cv-00560-CMA (D. Colo. filed Mar. 10, 2010). It is

FURTHER ORDERED that Mr. Cooper's Request of Change of Judge (Doc. No. 9) filed on May 28, 2010, is denied as moot.

DATED at Denver, Colorado, this __25th__ day of ___June___, 2010.

BY THE COURT:

_Christine M Arguello_
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
UNITED STATES DISTRICT COURT

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00978-BNB

Dana Cooper
Prisoner No. 135056
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/29/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk